IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2014
On Remand April 13, 2015

**JERRY ROMMELL GRAY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 10-2275     Steven Wayne Sword, Judge**

**No. E2014-00849-CCA-R3-PC – Filed May 13, 2015**

Petitioner, Jerry Rommell Gray, was convicted in Knox County of felony murder, attempted especially aggravated robbery, and attempted aggravated robbery. Trial counsel filed a premature notice of appeal and an untimely motion for new trial. On direct appeal, this Court reviewed Petitioner's issues, other than sufficiency of the evidence, for plain error. *State v. Jerry Rommell Gray*, No. E2010-00637-CCA-R3-CD, 2012 WL 2870264, at *1 (Tenn. Crim. App. July 13, 2012), *perm. app. denied* (Tenn. Nov. 20, 2012). Petitioner's convictions were affirmed. Petitioner subsequently filed a petition for post-conviction relief in which he sought a delayed appeal based on ineffective assistance of counsel, specifically alleging that trial counsel's failure to file a timely motion for new trial was presumptively prejudicial. The post-conviction court determined Petitioner was entitled to a delayed appeal but instructed Petitioner that he was not permitted to file an additional motion for new trial. Petitioner appealed to this Court, and we determined that the petition was untimely, reversed the decision of the post-conviction court, and remanded the matter for a hearing on whether due process should toll the statute of limitations. *See Jerry Rommell Gray v. State*, No. E2014-00849-CCA-R3-PC, 2014 WL 6876184, at *1 (Tenn. Crim. App. Dec. 5, 2014), *perm. app. granted* (Tenn. Apr. 13, 2015). Petitioner filed an application for permission to appeal pursuant to Rule 11. The supreme court granted the application in light of the timeliness of the petition for post-conviction relief and remanded the case to this Court to consider whether the post-conviction court should have allowed Petitioner to file a second motion for a new trial when it granted him a delayed appeal. We determine the trial court improperly prohibited Petitioner from filing a motion for new trial upon grant of the delayed appeal. Accordingly, the judgment of the post-conviction court is reversed and remanded. On remand, Petitioner is entitled to file a motion for new trial, pursuant to Tennessee Code Annotated section 40-30-113(a)(3).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the petitioner, Jerry Rommell Gray.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Mike Flynn, District Attorney General; and Kevin Allen, Assistant District Attorney General, for the respondent, State of Tennessee.

## OPINION ON REMAND

### *Procedural Background*

This matter is before this Court on remand from the supreme court following Petitioner's appeal of the post-conviction court's dismissal of his petition for post-conviction relief and our subsequent opinion reversing and remanding the judgment of the post-conviction court. This Court examined the convoluted procedural posture of this case in our original opinion. *See Jerry Rommell Gray v. State*, No. E2014-00849-CCA-R3-PC, 2014 WL 6876184, at *1-3 (Tenn. Crim. App. Dec. 5, 2014), *perm. app. granted* (Tenn. Apr. 13, 2015).

The Petitioner was convicted of first degree felony murder, attempted especially aggravated robbery, and attempted aggravated robbery on February 24, 2010. A premature notice of appeal was filed before the sentencing hearing. An untimely motion for new trial was filed after the judgments became final. The trial court did not hear the untimely motion.

On direct appeal, this Court reviewed the issues presented by Petitioner in the untimely motion for new trial and on appeal for plain error only, with the exception of the sufficiency of the evidence. Finding no plain error, we affirmed the convictions and sentence. *State v. Jerry Rommell Gray*, 2012 WL 2870264, at *1.

Petitioner then filed a timely pro se petition for post-conviction relief. Petitioner sought post-conviction relief for his convictions for which he received a life sentence plus fifteen years. Petitioner claimed that his petition was untimely filed but asserted that a new rule of constitutional law, ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct mandated relief.

*Factual Background*

After Petitioner filed his original pro se petition for post-conviction relief, the post-conviction court appointed counsel and an amended petition was filed. In the amended petition, Petitioner asserted that trial counsel was ineffective for filing a premature notice of appeal and for filing an untimely motion for new trial. Petitioner complained that the alleged ineffective assistance of counsel required Petitioner's issues to be "subject to the more difficult standard of plain error review" on appeal.

The post-conviction court held a hearing on the petition for relief. No testimony was offered at the hearing. The post-conviction court heard argument of counsel and took the matter under advisement. The post-conviction court entered an order containing findings of fact and conclusions of law. In the order, the post-conviction court noted that Petitioner asserted—and the State did not contest—that trial counsel's performance fell below reasonable professional standards with regard to the first prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), by failing to timely file a motion for new trial. The post-conviction court determined that trial counsel's errors resulted in Petitioner's issues being reviewed for plain error on appeal. The post-conviction court deemed trial counsel's actions to amount to ineffective assistance of counsel. Specifically, the post-conviction court determined that the actions of counsel were "presumptively prejudicial." Additionally, the post-conviction court determined that "although Petitioner's appellate issues were reviewed for plain error, trial counsel's failure to timely file a motion for new trial resulted in a higher standard of scrutiny on appeal and potential waiver of issues, and therefore, Petitioner's prior direct appeal does not remove the prejudice to him." The post-conviction court determined that Petitioner would have raised the issues he raised on direct appeal in a motion for new trial had it not been for trial counsel's ineffectiveness. As a result, the post-conviction court denied Petitioner a new trial but granted Petitioner a delayed appeal pursuant to Tennessee Code Annotated section 40-30-113(a)(1). The post-conviction court noted that a motion for new trial was filed in the original case and that it was "just late," commenting that "the [c]ourt's understanding of the law is that the issues that were raised in the late-filed motion for a new trial that was dismissed . . . are those that he can present on direct appeal to the Court of Criminal Appeals for further consideration." The post-conviction court clarified the intent of its ruling by explaining that it was the "[c]ourt's intent that [Petitioner] be able to raise those issues as if they had been raised and argued and denied at a motion for new trial."

*Analysis*

On remand, we were directed to determine whether the post-conviction court should have allowed Petitioner to file a new motion for new trial when it granted him a delayed appeal. The answer is yes.

In this case, Tennessee Code Annotated section 40-30-113 applies. This statute outlines the procedure for granting a delayed appeal as follows:

(a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for a review, the judge can:

(1) If a transcript was filed, grant a delayed appeal;

(2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or

(3) If no motion for a new trial was filed in the original proceeding, authorize a motion to be made before the original trial court within thirty (30) days. The motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.

(b) An order granting proceedings for a delayed appeal shall be deemed the final judgment for purposes of review. If either party does appeal, the time limits provided in this section shall be computed from the date the clerk of the trial court receives the order of the appellate court determining the appeal.

(c) The judge of the court which sentenced a prisoner who has sought and obtained relief from that sentence by any procedure in a federal court is likewise empowered to grant the relief provided in this section.

The post-conviction court granted Petitioner a delayed appeal pursuant to Tennessee Code Annotated section 40-30-113(a)(1) but declined to allow Petitioner to file a motion for new trial. It is well-settled that an untimely motion for new trial is a nullity. *See* Tenn. R. Crim. P. 33(b). Upon review, we determine the proper procedure upon grant of a delayed appeal in this case would be the method proscribed in Tennessee Code Annotated section 40-30-113(a)(3), authorizing the filing of a motion for new trial. Thus, once the post-conviction court found Petitioner was entitled to a delayed appeal, the post-conviction court should have followed the procedure set forth in subsection (a)(3), authorizing Petitioner to file a motion for new trial within thirty days. Consequently, we reverse and remand the judgment of the post-conviction court denying

Petitioner the opportunity to file a motion for new trial. On remand, the post-conviction court should permit Petitioner to file a motion for new trial.

We are mindful that the original trial judge is no longer a judge and is, therefore, unable to consider a motion for new trial in this case.[1] Rule 25(b)(1) of the Rules of Criminal Procedure provides: "After a verdict of guilty, any judge regularly presiding in or who is assigned to a court may complete the court's duties if the judge before whom the trial began cannot proceed because of absence, death, sickness, or other disability." Rule 25(b)(2) elaborates that "[t]he successor judge may grant a new trial when that judge concludes that he or she cannot perform those duties because of the failure to preside at the trial or for any other reason." The determination by a successor judge when assessing whether he or she may perform the duties of the original trial judge necessarily includes an evaluation of the extent to which witness credibility is an issue. *See* T.C.A. § 17-1-305 (2009); Tenn. R. Crim. P. 25(b)(2); *State v. Joel E. Blanton*, No. M2007-01384-CCA-R3-CD, 2009 WL 537558, at *8-10 (Tenn. Crim. App. Mar. 4, 2009), *perm. app. denied* (Tenn. Aug. 24, 2009).

The Tennessee Supreme Court recently examined: "(1) the analytical framework that a successor judge should utilize in deciding whether he can act as the thirteenth juror, and (2) the standard of appellate review of a successor judge's determination that he can or cannot act as the thirteenth juror." *State v. Ellis*, 453 S.W.3d 889, 892 (Tenn. 2015). This assessment requires the successor judge "to determine the extent to which witness credibility was a factor in the case and the extent to which he [or she] ha[s] sufficient knowledge or records . . . in order to decide whether the credible evidence . . . adequately supported the verdict." *Id.* at 901 (quoting *State v. Nail*, 53 S.W.3d 264, 275 (Tenn. Crim. App. 2000)). To that end, the court recognized that "the cold record of a trial generally will reflect all but one of the components that comprise" witness credibility. *Id.* at 906. As a result, the court adopted a rebuttable presumption in favor of the successor judge ruling as thirteenth juror and held that "[o]nly if the record indicates that weighing the evidence would require an assessment of witness demeanor should the successor judge decline to act as the thirteenth juror." *Id.* at 909. This Court has explained that because a "successor judge was not at the trial to see any of the witnesses testify and would [be] unable to make a credibility determination from the written record[, a] successor judge cannot rule on a motion for a new trial if witness credibility is an overriding issue." *State v. Biggs*, 218 S.W.3d 643, 655 (Tenn. Crim. App. 2006); *see*

---

[1]Richard R. Baumgartner was the original trial judge in February 2010. He sentenced Petitioner to a life sentence in count 1 (first degree murder) immediately after the jury returned its verdict. Former Judge Baumgartner was removed as a trial judge before Petitioner's sentencing hearing in count 2 (attempted especially aggravated robbery) and count 3 (attempted aggravated robbery), which was rendered by Judge Bobby McGee, sitting by interchange. Senior Judge Jon Kerry Blackwood, sitting by designation, determined that Petitioner's March 8, 2011 motion for new trial was untimely.

*also State v. Gillon*, 15 S.W.3d 492, 502 (Tenn. Crim. App. 1997) ("[A] judge whose first exposure to the case [is] presiding over the motion for new trial [may] rule on the motion if the record [is] available so long as witness credibility [is] not an overriding issue."). Likewise, the Tennessee Supreme Court has determined that "[w]hen witness credibility is the primary issue raised in the motion for new trial, the successor judge may not approve the judgment and must grant a new trial." *State v. William Eugene Hall*, No. M2012-00336-SC-DDT-DD, ___ S.W.3d ___, 2015 WL 1345720, at *17 (Tenn. Mar. 20, 2015) (citations and internal quotation marks omitted) (citing *State v. Letalvis Cobbins*, No. E2012-00448-SC-R10-DD, slip op. at 2 (Tenn. May 24, 2012) (per curiam order)).

On remand in this case, the post-conviction court shall grant a delayed appeal. Petitioner shall have 30 days from entry of this opinion to file a motion for new trial. The Presiding Judge for the 6th Judicial District shall immediately appoint a successor judge. Once appointed, the successor judge should make an initial determination using the test set forth in *Ellis* to determine whether there is an adequate record in this case for the successor judge to review and make all proper assessments of the evidence presented at Petitioner's February 2010 trial. If the successor judge determines that the record is adequate and witness credibility is not an overriding issue, the judge should rule on any motion for new trial filed by Petitioner.

*Conclusion*

After a review of the record, we determine that the post-conviction court erred by denying Petitioner the full opportunity statutorily provided to him upon grant of the delayed appeal, that is, Petitioner's right to file a motion for new trial. Accordingly, we reverse and vacate the post-conviction court's order and remand the case to the post-conviction court. On remand, the post-conviction court should grant a delayed appeal, allowing counsel for Petitioner to file a motion for new trial setting forth all claims of error at Petitioner's February 2010 trial within 30 days, pursuant to Tennessee Code Annotated section 40-30-113(a)(3). Additionally, we direct the Presiding Judge for the 6th Judicial District to appoint a successor judge to the original trial judge for the purpose of review and assessment of the trial record pursuant to Rule 25(b)(1) and (2) of the Rules of Criminal Procedure as read in harmony with *Ellis*. It is further ordered that the trial record of this matter be returned to the Criminal Court Clerk's Office for Knox County.

_____
TIMOTHY L. EASTER, JUDGE